STATE OF MAINE                                    SUPERIOR COURT
                                                     CIVIL ACTION
YORK, ss.                                      DOCKET NO. AP-10-014
                                               GAB - YOR - 1/5/201:

BRIAN S. EASTMAN, JR.,

                    Plaintiff


          v.                                          ORDER


STATE OF MAINE, DEPARTMENT OF
THE SECRETARY OF STATE,
BUREAU OF MOTOR VEHICLES,

                    Defendant


                          **BEFORE THE COURT**

          This court has before it Petitioner Brian S. Eastman's appeal pursuant to the

Maine Administrative Procedure Act, 5 M.R.S.A. §11001 *et seq.* and Rule 80C of the

Maine Rules of Civil Procedure. Mr. Eastman challenges the decision of the hearing

officer for the Bureau of Motor Vehicles ("BMV") to deny a petition for review of a six-

year administrative suspension of his license. Following hearing, the appeal is Denied.

                            **BACKGROUND**

          On February 10, 2010, Officer Scott Foisy ("Officer Foisy") arrested the Petitioner,

Brian S. Eastman ("Mr. Eastman") for operating a motor vehicle while under the

influence of alcohol. It is undisputed that Officer Foisy found Mr. Eastman in the

driver's seat of a truck and that Mr. Eastman was intoxicated.[1] What is disputed is

whether or not Mr. Eastman was operating the vehicle.

---

[1] Mr. Eastman submitted to a field sobriety test and, after arrest, to a breath test that indicated that Mr. Eastman's alcohol level was .23 grams per 210 liters of breath. The issue of Mr. Eastman's sobriety was not contested at hearing.

On February 13, 2010, the Secretary of State sent Mr. Eastman a notice of suspension and opportunity for hearing. The notice informed Mr. Eastman that his license had been administratively suspended for six years. At Mr. Eastman's request, a hearing was held on March 16, 2010. At the hearing, the hearing officer upheld the BMV suspension. Mr. Eastman now appeals that decision asserting there was insufficient evidence to support a license suspension. Specifically, Mr. Eastman asserts that the evidence failed to demonstrate that there was probable cause to believe that he was operating the motor vehicle at the time of the arrest.

## DISCUSSION

### I.      Standard of Review

The Court may only reverse or modify an administrative agency's decision if it is based upon "bias or error of law," is "unsupported by substantial evidence on the whole record," is "arbitrary and capricious," or involves an "abuse of discretion" by the agency.  5 M.R.S.A. §§11007(4)(C)(4)-(6).  According to the Law Court, the power to review decisions of the Commission is confined to an examination of "whether the Commission correctly applied the law and whether its fact findings are supported by any competent evidence." *McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A.2d 818, 820.

Additionally, the Court cannot "substitute its judgment for that of the agency on questions of fact."  5 M.R.S.A. §11007(3).  "[F]actual findings must be affirmed unless clearly erroneous." *Green v. Comm'r of the Dep't of Mental Health, Mental Retardation and Substance Abuse Svcs.*, 2001 ME 86, ¶ 9, 776 A.2d 612, 615 (citation omitted).  "[U]nless the record before the [Bureau] compels a contrary result," the Court will uphold the

agency decision.[2] *McPherson*, 1998 ME 177, ¶ 6, 714 A.2d at 820. Finally, "the burden of proof clearly rests with the party seeking to overturn the decision of an administrative agency." *Seven Islands Land Co. v. Maine Land Use Regulation Comm'n*, 450 A.2d 475, 479 (Me. 1982).

## II.    Substantial Evidence on the Record

In order to lawfully suspend Mr. Eastman's license, the BMV must show that Mr. Eastman 1) operated a motor vehicle with an excessive blood-alcohol level; and 2) there was probable cause to believe that the person was operating a motor vehicle with an excessive blood-alcohol level. 29-A M.R.S.A. §2453(8) (2007). Mr. Eastman requests that the court reverse the decision of the hearing officer of the BMV, suspending his license for six years, because he asserts that the decision is unsupported by substantial evidence on the whole record that he was operating the motor vehicle. *See* 5 M.R.S.A. §11007(4)(C)(5).

When the court is asked to reverse a decision of an administrative agency pursuant to section 11007(4)(C)(5), the court examines "the entire record to determine whether, on the basis of all the testimony and exhibits before it, the agency could fairly and reasonably find the facts as it did." *Aviation Oil Co. v. Dep't of Envtl. Prot.*, 584 A.2d 611, 614 (Me. 1990) (citations omitted).

At the hearing, Mr. Eastman offered his own testimony and the testimony of his uncle, Christopher Fagan ("Mr. Fagan"). Mr. Eastman testified that he could not remember anything from the time he left Mr. Fagan's house until Officer Foisy woke him in the parking lot of the 711. Mr. Eastman testified that he did not know how he got into the driver's seat of the truck.

---

[2]    In his reply, Mr. Eastman submitted additional affidavits for himself and Mr. Fagan. Because the court's review is confined to the record before the BMV, the court disregards these affidavits.

Mr. Fagan testified that he drove Mr. Eastman's truck to the 711 and that he left the truck to go find his cell phone that he had left in the parking lot earlier that night. Mr. Fagan testified that he did not return to the truck when he saw Officer Foisy arresting Mr. Eastman because he had had a few beers himself. Mr. Fagan also testified that he did not think that Officer Foisy was arresting Mr. Eastman at the time.

The hearing officer also heard the testimony of Officer Foisy. Officer Foisy reiterated the findings from his February 10, 2010 report. Mr. Eastman first told Officer Foisy that he drove the truck, but then stated that his uncle did. He testified that he determined Mr. Eastman operated the truck because he found Mr. Eastman in the driver's seat of the truck, with the keys in the ignition and credited the testimony of Alex Smith ("Mr. Smith"), the clerk at the 711. Mr. Smith, who reported that Mr. Eastman was in the parking lot, also testified. Mr. Smith stated that he saw the truck pull into the parking lot, that he only saw one driver, and that he did not see anyone leave the truck.[3]

Based on the evidence in the record, the hearing officer concluded that Mr. Eastman more likely than not operated the truck that night. Accordingly, the hearing officer affirmed the suspension of Mr. Eastman's drivers license.

Based on all of the testimony and exhibits before the court, and deferring to the hearing officer's credibility assessment, the court cannot say that the hearing officer's fact finding was clearly erroneous, that there was insufficient evidence upon which he made his determination or that the record compels a different result.

---

[3] Mr. Smith testified that he waited 15 to 20 minutes before he called the police. During that time, Mr. Smith testified that he did not observe the truck for the entire 15 to 20 minutes. Mr. Smith also testified that his view of the parking lot was partially obstructed by the glare of the store windows.

## CONCLUSION

The appeal is Denied and the administrative decision is Affirmed.


Dated:        January 5, 2011


G. Arthur Brennan
Justice, Superior Court